UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

Plaintiff,

v.

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

Defendants.

Civil Action No. 25-1768 (ACR)

## DEFENDANTS' REQUEST FOR PRE-MOTION CONFERNECE

Defendants, the Consumer Financial Protection Bureau (the "Bureau"), the Department of Education (the "Education Department"), the Social Security Administration (the "Administration"), and the Department of Veterans Affairs (the "VA," collectively, the "Defendants"), "request that the Court schedule a pre-motion conference." *See* Standing Order (ECF No. 11) ¶ 7(f).[1]  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") submitted identical FOIA requests to each defendant.  Compl. (ECF No. 1) ¶¶ 35, 49, 66, 76.  The requests are invalid because they do not "reasonably" describe the records sought.  5 U.S.C. § 552(a)(3)(A).  Defendants intend to move to dismiss the complaint on that ground.

---

[1]      Defendants understand that filing this pre-motion notice consistent with the Court's standing order will prompt the Court to schedule a pre-motion conference and establish a briefing schedule for any motion resulting from this filing.  As such, Defendants understand that the date for it to file the motion to dismiss under Federal Rule of Civil Procedure 12(b) discussed herein will be set by further order of the Court, that the filing of this request triggers the timing provisions of Rule 12(a)(4) such that Defendants' time to file a responsive pleading has been extended, and that Defendants have preserved the defenses identified in this request for purposes of Rule 12(b). If Defendants' understanding is incorrect, Defendants hereby respectfully move to stay their initial response deadline pending further order of the Court to allow for the Standing Order's pre-motion procedures to conclude.

FOIA sets forth two specific requirements for a valid request: that the request (i) "reasonably" describe the records sought and (ii) comply with any "published rules stating the time, place, fees (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3)(A); *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002).  The obligation to process a request only begins upon receipt of a valid request, *i.e.*, one that satisfies these two requirements.  *Id.*  The requirement that a request "reasonably describe the records sought," moreover, is set forth in the published regulations applicable to requests submitted to each agency here.  *See* 12 C.F.R. § 1070.14(c)(1) (the Bureau's regulations); 34 C.F.R. § 5.20(b), (c) (the Education Department's regulations); 20 C.F.R. § 402.30 (the Administration's regulations); 38 C.F.R. § 1.554(d) (VA's regulations).

Here, CREW submitted to the Defendants nearly identical FOIA requests that seek eight broad categories of records.  Compl. (ECF No. 1) ¶¶ 35, 49, 66, 76.  By way of example, seven of the eight categories request "any and all communications between employees of" the agency and outside persons, groups of persons, or agencies.  *Id.*  But the outside actors are undefined. Category 4 asks for agency communications with "any other individual purporting that they will in the future have an association with, represent, work for, or communicate on behalf of the Department of Government Efficiency."  *See*, *e.g.*, *id*. ¶ 49.  Category 7 similarly asks for agency communications with "any other individual purporting that they will in the future have an association with, represent, work for, or communicate on behalf of 'Delivering Outstanding Government Efficiency Caucus,' 'DOGE Caucus,' and related terms."  *Id.*  CREW's FOIA request amount to "all-encompassing fishing expedition of files" and warrant dismissal.  *Dale*, 238 F. Supp. 2d at 104-05.  At a minimum, the requests require each agency "to undertake research, analysis, and formulation of opinions—actions not required by FOIA."  *Hall & Assocs. v. EPA*,

No. 16-5315, 2018 WL 1896493, at *2 (D.C. Cir. Apr. 9, 2018) (per curiam) (citing *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980)).

For these reasons, the defendants intend to move to dismiss and request that the Court schedule a pre-motion conference.

Dated: July 7, 2025
     Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:       /s/ *Dimitar P. Georgiev*
     Dimitar P. Georgiev, D.C. Bar #1735756
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 815 - 8654

     *Attorneys for the United States of America*