IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, <br><br> *Plaintiff* <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> *Defendants* | Civ. No. 25-cv-01768(ACR) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
REQUEST FOR PRE-MOTION CONFERENCE**

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") filed FOIA requests (the "Requests") with the four Defendant agencies to shed light on matters of profound national importance–the efforts undertaken by the secretive U.S. Department of Government Efficiency ("DOGE") to fundamentally reshape those agencies. Having failed to respond substantively to any of the Requests, each Defendant contends that none of the eight items within each of the Requests[1] "reasonably describe" the records sought. Should the Defendants move to dismiss this case on that ground, such a motion should be denied.

A FOIA requester is required to "reasonably describe" the records sought. 5 U.S.C. § 552(a)(3). The Defendants must, however, "read [a FOIA] request as drafted, not as agency officials . . . might wish it was drafted." *Urb. Air Initiative, Inc. v. Env't Prot. Agency*, 271 F.

---

[1] CREW filed Requests with each Defendant on December 19, 2024, and resubmitted the same requests to CFPB, ED and VA with requests for expedited processing on January 31, 2025. *See* Complaint Exs. A, B (CFPB); Exs. C, D (ED); Ex. F (SSA); Exs. G, H (VA).

Supp. 3d 241, 255 (D.D.C. 2017) (cleaned up) (quoting *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984)). "[A]n agency also has a duty to construe a FOIA request liberally." *Nation Mag., Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (citation omitted).

A request "reasonably describes" agency records if it "would be sufficient [to enable] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545, n.36 (D.C. Cir. 1990). Whether a request "reasonably describes" the records sought is "highly context-specific," *Nat'l Sec. Couns. v. CIA*, 898 F. Supp. 2d 233, 278 (D.D.C. 2012), but "[t]he linchpin inquiry is whether 'the agency is able to determine precisely what records are being requested.'" *Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) (quoting *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997)). CREW's requests meet that standard.

The first seven items in each request[2] generally seek communications between agency employees and persons the Defendants have called "outside actors." ECF Docket 13 at 2. The only basis on which the Defendants contend the requests are deficient is that these "outside actors" are "undefined." *Id*. Not so.

First, two of the requests specifically identify *by name* the person whose communications with the agency are sought. Item 1 lists five people (Musk, Ramaswamy, Gracias, McGinley, Davis) who, at the time the requests were made, were publicly associated with DOGE. Item 6 seeks agency communications with Senator Ernst and Representative Greene and their offices. With those keywords, FOIA staff could easily search emails, text messages and other communications.

---

[2] Defendants do not challenge Item 8, which lists specific keywords that they could have, but apparently did not, use to run a records search.

Second, at the time these requests were filed, the names of other individuals working for or with DOGE were not public.[3] A "reasonable" description is context-specific. *Nat'l Sec. Couns.*, 898 F. Supp. 2d at 278. CREW did not know the names of the secretive cadres of people roving in and out of agencies. But the Defendants do. They know the names of the people working in their agencies with the five individuals listed in Item 1 (Item 2), with DOGE (Item 3), and with specifically named entities associated with DOGE (Item 5). Defendants are also uniquely situated to identify their communications with the persons described in items 4 and 7 of the Requests, the only requests Defendants specifically challenge. They seek communications with those (unknown to the public) who told the Defendants that they will in the future work with DOGE or DOGE-related Congressional entities. The Defendants know with whom they have worked based on that person's claim of future association with DOGE and can discern as much through conventional search terms.

A request is reasonably described when it is "capable of being reduced to defined search terms." *Jud. Watch, Inc. v. HHS*, 2023 U.S. Dist. LEXIS 10121, *7 (D.D.C. Jan. 19, 2023). Such is the case here. As this Court has held, "[a] FOIA request is not deficient just because it does not provide the name or email address of every individual whose communications are sought—the request's description need only be "reasonable" to implicate the agency's obligations under the statute." *Gun Owners of Am., Inc. v. FBI*, 594 F. Supp. 3d 37, 46 (D.D.C. 2022). These items are reasonable, particularly given the context of secrecy of DOGE's operations and the Defendants' ability to identify responsive documents through conventional search methods.

The Defendants also overlook three agency-specific reasons why their proposed

---

[3] Had a requester sought the names, e-mail addresses and phone numbers of persons working with DOGE, the Defendants would surely have denied the requests on Exemption 6 grounds.

challenge to the entire complaint should be denied. First, the Complaint alleges that Defendant Department of Education (ED) stated that CREW's request did not reasonably describe the records requested. Complaint, ¶¶ 56, 59. In response, CREW supplemented its request with names of additional DOGE employees revealed in press reporting and ED offices in which responsive records could be found. *Id*., ¶ 60, Exh. E. The Department acknowledged receipt of CREW's submission, assigned it a new number and expressly asserted that it required no additional information from CREW. *Id*., ¶ 61. Thus, ED has both waived its objection[4] and its Pre-Motion Conference Request entirely ignored the supplemental information CREW provided at ED's request to facilitate its search.

Second, Defendant SSA did not respond to CREW's request, other than to acknowledge receipt. Complaint, ¶¶ 72, 73. SSA regulations provide that, if it requires clarification of a FOIA request, it will contact the requestor. 20 C.F.R. § 402.60(a)(2). It did not do so. Its failure to follow its regulation is "fatal" to motion to dismiss on reasonable description grounds. *Wright v. United States HHS*, 2022 U.S. Dist. LEXIS 233391, *9 (D.D.C. Dec. 30, 2022); *Charles v. United States*, 2022 U.S. Dist. LEXIS, *13-15 (D.D.C. Mar. 30, 2022).

Third, the Complaint alleges that CREW and the Department of Veterans Affairs engaged in an ongoing dialogue during which CREW supplemented its request with additional detail containing the names of VA offices likely to have responsive records. Complaint, ¶¶ 83-84, 88-90, Exh. I. As with ED, the Defendants' Pre-Motion Conference Request fails to account for CREW's clarification and narrowing of its VA requests; it does not argue, much less show, that the updated requests do not reasonably describe the records sought.

---

[4] 34 C.F.R. § 5.20(c) states that if the Department of Education deems a FOIA request insufficient, it will inform the requester of the reasons why it made such a determination.

Dated: July 14, 2025                              Respectfully submitted,

  *Jeffrey S. Gutman*
Jeffrey S. Gutman (D.C. Bar No. 416954)
1712 Hobart St., N.W.
Washington, D.C. 20009
(202) 631-5129
jsgutmandc@gmail.com


  *Alex Goldstein*
Alex Goldstein (D.C. Bar No. 90005086)
Kayvan Farchadi (D.C. Bar No. 1672753)
Jonathan E. Maier (D.C. Bar No. 1013857)
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20004
Telephone: (202) 408-5565
Fax: (202) 588-5020
agoldstein@citizensforethics.org
kfarchadi@citizensforethics.org
jmaier@citizensforethics.org

*Counsel for Plaintiff*