UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, et al., <br><br> Defendants. | Civil Action No. 25-1768 (ACR) |

**DEFENDANTS' RESPONSE**
**TO PLAINTIFF'S NOTICE OF INTENT TO MOVE FOR SUMMARY JUDGMENT**

Defendant the SSA submits this response to Plaintiff's Notice ("Pl.'s Notice," Dkt. 26) in this FOIA case. Plaintiff is not entitled to summary judgment for several reasons. First, FOIA does not convey jurisdiction to grant Plaintiff's requested relief as to SSA due to a threshold fee issue. Second, Plaintiff submitted an invalid FOIA request that did not reasonably describe the records sought. 5 U.S.C. § 552(a)(3)(A). Third, Plaintiff failed to exhaust administrative remedies because SSA timely responded to Plaintiff's FOIA request. For these reasons, SSA will cross-move for dismissal and summary judgment. Contemporaneously and for similar reasons, the Department of Veterans Affairs (the "VA") notices its intent to move for summary judgment.

*First*, there is no jurisdiction over SSA's independent fee charging authority. SSA charges fees under Section 1106(c) of the Social Security Act, 42 U.S.C. § 1306(c), which authorizes SSA to charge the full cost of responding to non-program-related records requests, and which operates "notwithstanding" FOIA. *See* 42 U.S.C. § 1306(c); *Shapiro v. SSA*, 160 F.4th 347 (2d Cir. 2025). Requesters must agree to pay fees imposed under § 1106(c) before SSA begins a search for records. 20 C.F.R. § 402.90. Here, instead of agreeing to pay fees, CREW requested a fee waiver, SSA issued a timely substantive response mooting the fee waiver determination, and CREW did not appeal that response. Thus, the Court lacks jurisdiction to review the § 1106 fee determination. *See DFF. v. SSA*, Civ. A. No. 25-3384, 2026 WL 1251617, at *3-4 (D. Md. May 7, 2026).

*Second*, CREW submitted invalid requests to SSA and the VA. A valid FOIA request must: (i) "reasonably" describe the records sought and (ii) comply with published agency procedures. *See* 5 U.S.C. § 552(a)(3)(A). An agency's obligation to process a request only begins upon receipt of a valid request. For SSA, the requester must also agree to pay fees charged under 42 U.S.C. § 1306(c) and provide payment information prior to SSA beginning search. 20 C.F.R. § 402.90.

CREW argues its request reasonably describes the records and could use its agency knowledge to search for responsive records.  Pl.'s Notice (Dkt. 26) at 3. This argument fails because an agency is only required to read a FOIA request "as drafted."  *Miller v. Casey*, 730 F. 2d 773, 777 (D.C. Cir. 1984).  Seven of the eight categories of records CREW requests seek "any and all communications between employees of" the agency and outside persons, groups of persons, or agencies.  Compl. (Dkt. 1) ¶¶ 66, 76.  But the requests do not identify which agency employees, or even offices, are at issue.  This Court already indicated "that's way too broad."  Jul. 31, 2026, Hr'g Transc. at 5.  And, some categories do not identify the outside actors at all: Category 4, for example, asks for agency communications with "any other individual purporting that they will in the future have an association with, represent, work for, or communicate on behalf of the Department of Government Efficiency."  Compl. (Dkt. 1). ¶ 66, 76.  CREW's FOIA requests simply amount to an impermissible "all-encompassing fishing expedition of files."  *Dale v. IRS*, 238 F. Supp. 2d 99, 104-05 (D.D.C. 2002).  The government is not free to narrow CREW's requests, *Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020), and any assertion "that negotiations to narrow the scope of an agency's search amount to a new, and consequently, valid FOIA request" falters.  *Landmark L. Found. v. DOL*, 278 F. Supp. 3d 420, 429 (D.D.C. 2017).

Perhaps recognizing the futility of its position, CREW cites selected portions of the parties' discussions and argues the government understands CREW's FOIA requests.  Pl.'s Notice (Dkt. 26) at 4.  CREW must support its motion with admissible evidence, Fed. R. Civ. P. 56(c)(2), and the parties' discussion about potential narrowing are inadmissible, Fed. R. Evid.  408.  The validity of FOIA requests are evaluated "as drafted, not as either agency officials or the requester might wish it was drafted."  *Nat'l Sec. Couns.*, 969 F.3d at 410 (citation modified).  And, references to

narrowing discussions strongly disincentivizes the government from engaging in open discussions about the scope of a FOIA request.  *See In re Subpoena*, 370 F. Supp. 2d 201, 211 (D.D.C. 2005) ("The purpose of [Rule 408] is to encourage settlements which would be discouraged if such evidence were admissible.").[1]

*Third*, CREW failed to exhaust administrative remedies.  "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion[.]"  *Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *see also Khine v. Dep't of Homeland Sec.*, 943 F.3d 959, 966 (D.C. Cir. 2019).

CREW submitted its FOIA request, including a fee waiver request, to SSA on December 19, 2024.  Compl. (Dkt. 1) ¶ 66.  On January 10, 2025, SSA timely responded, stating the request was not "proper" because it did not "reasonably describe the documents [CREW is] requesting[.]," thus mooting the fee waiver request.  Ex. 1, SSA Final Determination at 2 (attached hereto).  The response informed CREW that it "may file a written appeal" if it disagreed with SSA's determination.  *Id*. at 2.  CREW did not appeal.  *See generally* Compl.

CREW indicated that it did not receive SSA's determination.  Jul. 31, 2025, Hr'g Transc. at 7.  Some courts have declined to grant summary judgment to an agency where the response was sent via mail and the agency offered no evidence that a plaintiff received the determination.  *See Bloomgarden v. Dep't of Just.*, 10 F. Supp. 3d 146, 152 (D.D.C. 2014); *Jones v. Dep't of Just.*, 576, F. Supp. 2d 64, 67 (D.D.C. 2008).   But here, SSA responded electronically to jmaier@citizensforethics.org.  *See* Ex. 1, SSA Final Determination; Ex. 2, SSA Doc. Delivery Log

---

[1]    CREW makes a baseless suggestion that SSA has not complied "with this Court's orders." Pl.'s Notice (Dkt. 26) at 4.  SSA disputes CREW's account of the parties' discussions.  Because SSA maintains that introduction of those discussions is improper, SSA does not here provide a substantive rebuttal.  Should the Court request, SSA is prepared to provide a complete account of the events that shows it fully complied with the Court's orders.

(attached hereto).  That is the same email address for CREW's counsel, *see generally* Docket (Civ. A. No. 25-1768), and the email address associated with CREW's Public Access Link account for submitting FOIAs to SSA.  On this evidence, no "reasonable jurors could find by a preponderance of the evidence" that CREW did not receive SSA's response.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In short, CREW failed to exhaust administrative remedies.

CREW submitted its FOIA request to the VA on December 19, 2024.  Compl. (Dkt. 1) ¶ 76.  The VA responded the next day by requesting "the name of the VA Official(s) or VA offices" CREW seeks communications on "all keywords associated with the search."  Ex. 3, Dec. 20, 2024, Email (attached hereto).  CREW responded on January 17, 2024, by providing a list of offices and search terms.  *Id*.  On March 5, 2025, the VA responded that the request remains "not clarified and too broad" explaining that "[i]n order to perform an email pull, the names of the VA officials are needed, in order to conduct a search" and that "[i]t is burdensome on the agency to conduct a search of every VA employee in a specified office."  *Id*.  The response further stated that CREW's request would "be placed on-hold for no more than 30 calendar days, while we wait for the clarification" and warned that "If no response is received within the specified timeframe, [CREW's] request will be administratively closed."  *Id*.  In other words, the VA notified CREW that the VA would close CREW's FOIA request if CREW did not respond by April 4, 2025.  CREW did not respond and on April 7, 2025, at 4:30p, the VA informed CREW that VA closed the request.  Ex. 4, VA Apr. 7, 2024, Response (attached hereto).  That response informed CREW of its administrative appeal rights.  *Id*.  CREW did not appeal, and therefore, did not exhaust administrative remedies before suing.

*     *     *

- 4 -

- 5 -

Dated: June 30, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:        /s/ *Dimitar P. Georgiev*
       Dimitar P. Georgiev, D.C. Bar #1735756
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252 – 7678

*Attorneys for the United States of America*